UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH LEE WHITE,<br><br>    Plaintiff,<br><br>v.<br><br>JOE LIZARAGA, et al.,<br><br>    Defendants. | No. 2:18-cv-03167 AC P<br><br>ORDER and FINDINGS AND RECOMMENDATIONS |

I.     Introduction

Plaintiff is a state prisoner at the California Health Care Facility (CHCF) in Stockton, under the authority of the California Department of Corrections and Rehabilitation (CDCR),[1] who proceeds pro se in this civil rights action. On March 16, 2017, plaintiff filed his original complaint in the Amador County Superior Court. See ECF No. 1 at 4-43. On December 7, 2018, defendants paid the filing fee and a Notice of Removal pursuant to 28 U.S.C. § 1441(a), removing the action to this federal district court. See ECF No. 1 at 1-3; ECF No. 2.

---

[1] According to the Inmate Locator website operated by the California Department of Corrections and Rehabilitation, plaintiff, who commenced this action while incarcerated at Salinas Valley State Prison, is now incarcerated at CHCF. See http://inmatelocator.cdcr.ca.gov/ This Court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201; see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

1

On December 21, 2018, plaintiff filed a motion to remand this case back to the Amador County Superior Court. See ECF No. 4. Defendants filed an opposition on January 16, 2019. ECF No. 5. Thereafter, plaintiff filed a First Amended Complaint (FAC), ECF No. 6, which defendants request this court screen pursuant to 28 U.S.C. § 1915A, ECF No. 7. For the reasons that follow, this court recommends to the district judge that plaintiff's motion to remand be denied. Thereafter, should the district judge adopt the undersigned's recommendation, the court will screen plaintiff's FAC.

II.     Motion to Remand

    A.     Legal Standards

A defendant sued in state court may remove to the appropriate federal district court any civil action over which the district courts have original jurisdiction. See 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction, in pertinent part, over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"The general rule governing removal of actions from the state court to federal court is that for a district court to have federal question removal jurisdiction, a federal cause of action must appear on the face of the complaint." Felton v. Unisource Corp., 940 F.2d 503, 506 (9th Cir. 1991) (citing, inter alia, Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

It is defendant's burden, as the removing party, to establish that the federal court has jurisdiction over the removed case. See Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393-94 (9th Cir. 1988) (when removing on the basis of federal question jurisdiction, "[t]he party invoking the removal statute bears the burden of establishing federal jurisdiction"). However, "[u]nder § 1447(c), the district court must remand '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]'" Smith v. Mylan Inc., 761 F.3d 1042, 1044 (9th Cir. 2014).

B. The Original Complaint and the Parties' Arguments

The complaint plaintiff filed in the Amador County Superior Court on March 16, 2017 (Case No. 17-cv-10017) named three defendants (Joe Lizarraga, J. Dowdy and D. Lorey) on claims they violated plaintiff's legal rights. See ECF No. 1 at 4-43. Although somewhat difficult to decipher, the complaint seeks damages for, inter alia, alleged "U.S. mail fraud, tampering, obstruction, breach of court access [and] attorney-client communications." Id. at 6. On November 7, 2018, plaintiff served copies of the summons and complaint on defendants Lizarraga and Dowdy (but not Lorey) by substituted service upon the Litigation Coordinator for Mule Creek State Prison. ECF No. 1 at 2 ¶ 2.

Defendants timely filed a notice of removal to this court and provided written notification to plaintiff. See 28 U.S.C. § 1446(b), (d). ECF No. 1 at 2-3 ¶¶ 8-9. Plaintiff timely filed an opposition to the removal and a motion to remand, ECF No. 4, which defendants oppose, ECF No. 5. Plaintiff seeks remand of this action on the following grounds:

> Plaintiff alleges that there were violations of California Constitutional Articles I §3, §4, §6, §7(a), §9, §10(a), § 13 and § 17; California Civil Procedure § 51-51-5, §51.6-52.3(a)(b) and United States Constitutional Amendments 1st, 4th, 8th and 14th. [¶] Plaintiff did not state any federal cause of action with complaint. . . .

ECF No. 4 at 2-3.

In response, defendants assert that "federal question jurisdiction plainly appears on the face of Plaintiff's complaint and is reaffirmed in Plaintiff's motion to remand," thus demonstrating defendants' right to remove this action under 28 U.S.C. §§ 1441 and 1446. ECF No. 5 at 2-3.

C. Analysis

Defendants have met their burden of demonstrating the jurisdiction of this court over plaintiff's claims. Under the "well-pleaded complaint rule," plaintiff conceded federal jurisdiction on the face of his original complaint. Caterpillar, 482 U.S. at 392. See ECF No. 1 at 20 (alleging violations of plaintiff's "1st, 4th, 8th, 13th and 14th Amend. Rights to the U.S. Const."); id. at 21 (alleging violations of "18 U.S.C. §2, §150, § 241-§242, § 645-§654, §4, §2382, §4042-§4081 et seq."). In his motion to remand, plaintiff argued that he "did not state any

3

| | |
|---|---|
| 1 | federal cause of action with his complaint," but that contention is belied by the face of the |
| 2 | complaint as by plaintiff's argument that defendants violated the federal Constitution. See ECF |
| 3 | No. 4 at 2-3. |
| 4 | Notwithstanding plaintiff's apparently numerous state law claims, "[t]he [federal] district |
| 5 | courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or |
| 6 | treaties of the United States." 28 U.S.C.A. § 1331. Further, "in any civil action of which the |
| 7 | district courts have original jurisdiction, the district courts shall have supplemental jurisdiction |
| 8 | over all other claims that are so related to claims in the action within such original jurisdiction |
| 9 | that they form part of the same case or controversy under Article III of the United States |
| 10 | Constitution." 28 U.S.C. § 1367(a). Thus, removal of an action to federal district court is |
| 11 | authorized when, as in the instant case, the complaint includes both "claim[s] arising under the |
| 12 | Constitution, laws, or treaties of the United States" and "claim[s] not within the original or |
| 13 | supplemental jurisdiction of the district court." 28 U.S.C. § 1441(c). Moreover, the instant |
| 14 | federal district court is the appropriate court within the Eastern District of California for cases |
| 15 | removed from the Amador Superior Court. See 28 U.S.C. § 1441(a) ("[A]ny civil action brought |
| 16 | in a State court of which the district courts of the United States have original jurisdiction, may be |
| 17 | removed by the defendant or the defendants, to the district court of the United States for the |
| 18 | district and division embracing the place where such action is pending."). |
| 19 | Although state and federal courts may have concurrent jurisdiction to initially consider a |
| 20 | case, the state court loses jurisdiction upon proper removal of the case to federal court. Lou v. |
| 21 | Belzberg, 834 F.2d 730, 740 (9th Cir. 1987). Removal divests the state court of jurisdiction and |
| 22 | "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § |
| 23 | 1446(d). Where the action was properly removed and the federal court has original jurisdiction |
| 24 | over the claims, the federal court has no authority to remand the case. Destfino v. Reiswig, 630 |
| 25 | F.3d 952, 958 (9th Cir. 2011). |
| 26 | For these reasons, the court finds that removal of this action from the state court was |
| 27 | appropriate and will therefore recommend to the district judge that plaintiff's motion to remand |
| 28 | this case be denied. Should the district judge adopt these findings and recommendations, this |

court will then screen plaintiff's First Amended Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall confirm plaintiff's current place of incarceration (see n.1, supra) and designate the correct address on the docket.

2. Clerk of Court shall randomly assign a district judge to this action.

Additionally, for the reasons set forth above, IT IS HEREBY RECOMMENDED that plaintiff's motion to remand this action to the Amador County Superior Court, ECF No. 4, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 29, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5