UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH LEE WHITE,

Plaintiff,

v.

JOE LIZARAGA, et al.,

Defendants.

No. 2:18-cv-3167 JAM AC P

ORDER and

FINDINGS AND RECOMMENDATIONS

I. Introduction

At all relevant times in this action, plaintiff was a state prisoner under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff recently informed the court that he has been transferred to Atascadero State Hospital. Plaintiff's First Amended Complaint is before the court for screening. This action is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, the undersigned recommends that this action be dismissed without leave to amend.

II. Background

On March 16, 2017, while a state prisoner at Salinas Valley State Prison, plaintiff filed his original complaint in this action in the Amador County Superior Court. ECF No. 1 at 4-43. On December 7, 2018, defendants paid the filing fee and removed the action to this federal district court pursuant to 28 U.S.C. § 1441(a). ECF No. 1 at 1-3; ECF No. 2. Plaintiff filed a motion to

remand the case back to the Amador County Superior Court, ECF No. 4, which defendants opposed, ECF No. 5. Thereafter, while a prisoner at California State Prison Corcoran, plaintiff filed his First Amended Complaint. ECF No. 6. On July 30, 2019, the undersigned recommended that plaintiff's motion to remand be denied, ECF No. 8, and the district judge adopted that recommendation on September 4, 2019, ECF No. 9.

The undersigned now screens plaintiff's First Amended Complaint (FAC) pursuant to 28 U.S.C. § 1915A.

### III. Screening of Plaintiff's Complaint

#### A. Legal Standards for Screening Prisoner Civil Rights Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B. Plaintiff's Allegations

Plaintiff's allegations are drawn both from the operative FAC, ECF No. 6, and a copy of the First Level Review (FLR) decision addressing plaintiff's relevant inmate appeal, which was provided as an exhibit to plaintiff's original complaint, ECF No. 1 at 26-7.[1]

Plaintiff alleges that on June 23, 2015, during his prior incarceration at Mule Creek State Prison (MCSP), he received confidential legal documents through the mail that had been opened outside his presence. On June 26, 2015, plaintiff received a notice via institutional mail stating that the subject legal mail had gone out as "regular" rather than confidential mail. Plaintiff filed an inmate grievance (CDCR 602) on July 10, 2015. On September 8, 2015, the matter was considered at First Level Review (FLR). Plaintiff was interviewed by defendant J. Dowdy, the MCSP Mailroom Supervisor. The FLR decision, signed both by defendant Dowdy and defendant D. Lorey, MCSP Associate Warden for Business Services, made the following findings, ECF No. 1 at 27 (original emphasis):

////

////

---

[1] Were this case to proceed, the undersigned would direct that relevant exhibits attached to plaintiff's original complaint be attached to the operative FAC.

3

> The incoming address on the original envelope was read as Steve Cole being a lawyer working in the Law Office of the Public Defender. When the state bar was searched there was no listing for Steve Cole, Attorney at Law. As there was no valid attorney's name listed, the envelope was determined to not meet the requirements of Title 15 § 3142 and thus not handled as confidential correspondence. However, the paperwork you provided clarifies that Steve Cole is an ***investigator*** for the Public Defender's office and that changes the situation.

The FLR decision ruled as follows, id.:

> Your request "for a further investigation" is partially granted. A review of the paperwork sent in with the CDCR 602 appeal paperwork shows that those incoming mail items should have been processed as confidential correspondence. Notice has been given to all staff involved to ensure future correspondence is handled appropriately.
>
> Your request to "be compensated in the amount of $18,000 for that violation" is denied as requests for monetary compensation are outside the scope of the appeals process.
>
> Is also should be noted that if you had provided the information that was requested in section B of the CDCR 22 on July 8, 2015, you may have received a resolution in much less time and may have avoided the entire CDCR 602 process.
>
> The appellant is advised that this issue may be submitted to the Second Level of Review if desired.

The FAC names Dowdy and Lorey, as well as MCSP Warden J. Lizaraga, as the defendants in this action. The FAC makes three wide-ranging claims, broadly summarized as follows: (1) violation of the California Constitution and the Unruh Civil Rights Act (2) violation of the California Constitution and CDCR's statutes and regulations (3) conspiratorial interference with the U.S. mail, including illegal mail tampering, obstruction and fraud, in violation of plaintiff's federal constitutional rights to privacy, due process and equal protection. Plaintiff seeks compensatory and punitive damages.

    C.  <u>Analysis</u>

Only plaintiff's last claim alleges a violation of federal law, and its viability is therefore dispositive as to federal jurisdiction. Section 1983 limits a federal court's jurisdiction to the deprivation of rights secured by the federal "Constitution and laws." 42 U.S.C. § 1983. The violation of state law does not establish a federal cause of action unless it also results in the

4

deprivation of a federally protected right. Lovell v. Poway Unified School District, 90 F.3d 367, 370 (9th Cir. 1996); Cousins v. Lockyer, 568 F.3d 1063, 1070-71 (9th Cir. 2009).

Prison inmates retain a First Amendment right to send and receive mail despite the "inordinately difficult undertaking" to exercise and protect that right within a prison setting. Thornburgh v. Abbott, 490 U.S. 401, 407 (1989) (quoting Turner v. Safley, 482 U.S. 78, 85 (1987)). As a general rule, a prison may adopt regulations that impinge on a prisoner's constitutional rights if the regulations are reasonably related to legitimate penological interests. Turner, 482 U.S. at 89.

Under federal law, "legal mail" is narrowly defined as confidential correspondence between a prisoner and his attorney and is protected by the First Amendment. See Nordstrom v. Ryan, 762 F.3d 903, 909 (9th Cir. 2014) ("Nordstrom I"). The Ninth Circuit "recognize[s] that prisoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017). In criminal cases, such correspondence is also protected by the Sixth Amendment. See Mangiaracina v. Penzone, 849 F.3d 1191, 1196 (9th Cir. 2017) and cases cited therein. "[P]rison officials may open, but not read, incoming legal mail in the presence of the inmate." Nordstrom v. Ryan, 856 F.3d 1265, 1272 (9th Cir. 2017) ("Nordstrom II") (citing Wolff v. McDonnell, 418 U.S. 539, 577 (1974). "[T]he practice of requiring an inmate to be present when his legal mail is opened is a measure designed to prevent officials from reading the mail in the first place." Nordstrom I, 762 F.3d at 910 (citing Wolff at 577).

"A prison may set a higher standard than that required by the First Amendment, but doing so does not elevate a violation of a prison policy into a constitutional claim." Blaisdell v. Dep't of Pub. Safety, 2014 WL 5581032, at *6, 2014 U.S. Dist. LEXIS 154983, at *14 (D. Haw. Oct. 31, 2014) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir 1988)). Federal law requires only that incoming legal mail from a prisoner's attorney, clearly marked as such,[2] be opened in the

---

[2] As explained by the Supreme Court:

> We think it entirely appropriate that the State require any such communications to be specially marked as originating from an

5

prisoner's presence.[3]

Plaintiff does not argue that the incoming mail challenged in the instant case was from his attorney. Although from his attorney's office, the mail clearly identified the sender as a person whose name prison officials were unable to verify was an attorney. Therefore, plaintiff had no federal right to be present when prison officials opened this mail. See Nordstrom I and Nordstrom II, supra. The fact that the FLR decision in this case found that the subject "incoming

---

> attorney, with his name and address being given, if they are to receive special treatment. It would also certainly be permissible that prison authorities require that a lawyer desiring to correspond with a prisoner, first identify himself and his client to the prison officials, to assure that the letters marked privileged are actually from members of the bar. As to the ability to open the mail in the presence of inmates, this could in no way constitute censorship, since the mail would not be read. Neither could it chill such communications, since the inmate's presence insures that prison officials will not read the mail. The possibility that contraband will be enclosed in letters, even those from apparent attorneys, surely warrants prison officials' opening the letters.

Wolff v. McDonnell, 418 U.S. at 576-77.

[3] As set forth by another magistrate judge in this district:

> Specific restrictions on prisoner legal mail have been approved by the Supreme Court and Ninth Circuit. For example, prison officials may require that mail from attorneys be identified as such and open such mail in the presence of the prisoner for visual inspection. See Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974); Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir. 1981). Whether legal mail may be opened outside the inmate's presence, however, is an open question in the Ninth Circuit. See Sherman, 656 F.2d at 528; cf. Mann v. Adams, 846 F.2d 589, 590-91 (9th Cir. 1988) (per curiam) (concluding mail from public agencies, public officials, civil rights groups, and news media may be opened outside the prisoner's presence in light of security concerns). At least three other circuits have concluded that legal mail may not be opened outside the inmate's presence. See id. (citing Taylor v. Sterrett, 532 F.2d 462 (5th Cir. 1976), Back v. Illinois, 504 F.2d 1100 (7th Cir. 1974) (per curiam), and Smith v. Robbins, 452 F.2d 696 (1st Cir. 1972)); see also Samonte v. Maglinti, 2007 WL 1963697 (D. Hawai'i July 3, 2007) (recognizing open question). [¶] Defendant does not argue legal mail can be opened outside the inmate's presence, and the court is persuaded by the authorities cited above that doing so gives rise to a cognizable First Amendment claim. See also Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017) (holding that inmates have a First Amendment rights to be present when legal mail is opened).

Corral v. Woodman, 2019 WL 2513630, at *2, 2019 U.S. Dist. LEXIS 101880, at *4-5 (E.D. Cal. June 18, 2019) (Case No. 2:18-cv-1769 KJM DMC P) (district judge's order pending).

mail items should have been processed as confidential correspondence" and informed plaintiff that "[n]otice has been given to all staff involved to ensure future correspondence is handled appropriately," does not elevate this matter to a violation of federal law. Although CDCR regulations provide "confidential correspondence" protection to a wider range of mail than that required by the U.S. Constitution, see Cal. Code Regs., Tit. 15, § 3141, these higher standards reflect California law alone. See also id. §§ 3142-45.

For these reasons, the undersigned finds that the conduct challenged by plaintiff in this case did not violate his First Amendment rights. Plaintiff's other myriad putative federal claims are without foundation. Dismissal of this case is therefore warranted.

Three additional grounds support dismissal of this case. First, it appears clear upon reading the FAC that plaintiff did not exhaust his administrative remedies before commencing this action. "The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." Ross v. Blake, 136 S. Ct. 1850, 1854-55 (quoting 42 U.S.C. § 1997e(a)). Although non-exhaustion is an affirmative defense, dismissal of a prisoner suit is appropriate when failure to exhaust is clear on the face of the complaint. Jones v. Bock, 549 U.S. 199, 215 (2007); Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).

Second, the participation of defendants Dowdy and Lorey in reviewing and responding to plaintiff's inmate appeal is not actionable under Section 1983. Because prisoners are not entitled to prison grievance procedures as a matter of course, a claim that prison officials failed to comply with such procedures or failed to resolve a particular grievance in a favorable manner is not cognizable under Section 1983. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (failure to process plaintiff's grievances not actionable under Section 1983); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), cert. denied, 488 U.S. 898 (1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

Third, none of the named defendants in this case are alleged to have personally engaged in opening the subject mail. There can be no liability under Section 1983 without an affirmative

link or connection between a defendant's actions and the alleged violation of rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."). Plaintiff's attempt to rely on a *respondeat superior* theory of liability—suing each defendant based on their supervisorial roles—is unavailing. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) (no *respondeat superior* liability under § 1983). "Liability under § 1983 must be based on the personal involvement of the defendant." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).

IV.     This Action Should Be Dismissed Without Leave to Amend

For the reasons set forth above, this court finds that plaintiff's FAC fails to state a cognizable federal claim for relief and that further amendment would be futile. The court is persuaded that plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable federal claim. "A district court may deny leave to amend when amendment would be futile." Hartmann v. California Dep't of Corrections and Rehabilitation, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Moreover, this court should decline to exercise supplemental jurisdiction over plaintiff's putative state law claims.[4] Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988) (when federal claims are eliminated in the early stages of a lawsuit, district courts should decline to exercise supplemental jurisdiction).

////

---

[4] The court takes no position on whether plaintiff would be successful in pursing his claims in state court.

V. <u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that defendants' request for screening of the First Amended Complaint and for extended time to file a responsive pleading, ECF No. 7, is GRANTED IN PART to the extent that the FAC is hereby screened and otherwise DENIED as moot.

Further, for the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed without leave to amend for failure to state a cognizable federal claim; and

2. This court decline to exercise supplemental jurisdiction over plaintiff's state law claims.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 13, 2020

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE